**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JAMES B. HARRIS; JAMES B. HARRIS
PRODUCTIONS, INC.; IAN REYNOLDS;
CAMJET INC.; MARK LIPSKY; WHO'S
ON FIRST? PRODUCTIONS, INC.;
THOMAS H. SOMERS; GARY M.
ERICKSON; RICHARD E. ROSS; GARY
KILLIEBREW; JUANITA KILLIEBREW;
KILLIEBREW FARMS, INC.; ROBERT
O'BYRNES; WILLAMETTE FINANCIAL
GROUP, INC.; GRAHAM CATT;
GLYNIS CATT; ROBERT STASKIEWICZ;
SANDY STASKIEWICZ; ROBERT
RUSSELL,
   *Plaintiffs-Appellants,*

    v.

LEE W. RAND,
   *Defendant-Appellee,*

   and

JAMES EDGAR BURKE, II; IMUSOL
TRADING, S.A.; CENTRAL EUROPEAN
INTERNATIONAL BANK, LTD.; JOHN
W. DORAMUS; LUCY F. BURKE;
JAMES EDGAR BURKE, III,
   *Defendants.*

No. 10-57012

D.C. No.
2:10-cv-03804-
PSG-SS

OPINION

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted
May 8, 2012—Pasadena, California

6723

Filed June 13, 2012

Before: Dorothy W. Nelson, Raymond C. Fisher, and
Morgan B. Christen, Circuit Judges.

Opinion by Judge Christen

## COUNSEL

Abraham R. Wagner, Los Angeles, California, for the appellants.

Andrew J. Waxler & Danielle R. Sokol (argued), Waxler Carner Brodsky LLP, El Segundo, California, for the appellee.

## OPINION

CHRISTEN, Circuit Judge:

James B. Harris et al. (collectively, "plaintiffs") appeal from the district court's dismissal without prejudice of their first amended complaint for lack of subject matter jurisdiction. The district court, citing *Hertz Corp. v. Friend*, ___ U.S. ___, 130 S. Ct. 1181 (2010), dismissed the first amended complaint because plaintiffs failed to provide factual support for their allegations of diversity. But *Hertz* did not impose a heightened pleading standard and, in two orders issued before its order of dismissal, the district court requested that plaintiffs provide further *allegations* of the corporate parties' principal places of business, not further *proof*. The district court did not abuse its discretion by requesting proof of the parties' principal places of business, but we find its orders inconsistent. We therefore vacate the order dismissing the first amended complaint, and remand.

## BACKGROUND

On May 20, 2010, plaintiffs filed suit in the United States District Court pursuant to 28 U.S.C. § 1332(a)(2), which provides for subject matter jurisdiction over actions between citizens of a state and citizens or subjects of a foreign state.[1]

---

[1]Plaintiffs later amended the complaint to properly assert jurisdiction under § 1332(a)(3) because at least one of the defendants, Lee W. Rand, was a United States citizen. *See* 28 U.S.C. § 1332(a)(3) (providing for original jurisdiction over actions between "citizens of different States and in which citizens or subjects of a foreign state are additional parties").

On June 28, 2010, the district court issued an Order to Show Cause ("OSC") why the complaint should not be dismissed for lack of subject matter jurisdiction. The district court's order stated that the complaint's jurisdictional averment was "patently insufficient." It also stated that plaintiffs failed to offer adequate facts to support their assertion of the corporate parties' principal places of business. The district court cited *Hertz*, where the Supreme Court held that a corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.*, its "nerve center." 130 S. Ct. at 1186.

On July 9, 2010, plaintiffs responded to the OSC. Their response stated that the defendant corporations' principal places of business, or "nerve centers," were in Louisiana and Hungary. Their response also provided information regarding the directors, headquarters, and offices of those corporations. Plaintiffs' response alleged complete diversity existed because "[w]hile Plaintiffs come from several states and Australia, none are residents or citizens of Louisiana." Plaintiffs' response alternatively requested leave to amend the complaint should the district court not find complete diversity.

Because plaintiffs' response did not provide any additional facts regarding the principal places of business of the *plaintiff* corporations, despite providing "substantial information about the *defendant* corporations," the district court deemed the response inadequate. But the court also granted leave to amend and plaintiffs subsequently filed their first amended complaint ("FAC") which included allegations of the principal places of business for each of the corporate parties.

On September 9, 2010, the district court dismissed the FAC without prejudice for lack of subject matter jurisdiction. Citing *Hertz*, the district court's order explained that plaintiffs "provide[d] no allegation of fact upon which [the district court could] determine where the 'corporation's high level

officers direct, control, and coordinate the corporation's activities.' " The district court concluded that plaintiffs failed to satisfy their burden to show citizenship by a preponderance of evidence. Without allegations as to the plaintiff corporations' "nerve centers," the court ruled that it had no basis for concluding that complete diversity existed.

Plaintiffs filed a motion for rehearing pursuant to Federal Rules of Civil Procedure 59(e) and 60 arguing that the district court committed clear error and that its dismissal order was "manifestly unjust." Alternatively, plaintiffs requested leave to amend their complaint again or certification for an interlocutory appeal of the dismissal. The district court denied the motion for rehearing, explaining that the complaint had been dismissed "based on Plaintiffs['] failure to provide factual support for its allegations in response to the Court's specific request, not on the presence or absence of certain pleading language." This appeal followed.

## DISCUSSION

We address two issues in this case. We first decide whether, in light of *Hertz*, a complaint must now plead that a corporate party's "nerve center" is located in a particular place. Second, we decide on the facts of this case whether the district court properly dismissed the FAC. We answer both in the negative. Because we conclude that the district court erred by dismissing plaintiffs' FAC, we do not address plaintiffs' claims that the district court abused its discretion by denying the motion for rehearing and the request for leave to amend the FAC.

## I.   *Hertz* did not impose a heightened pleading standard.

### a.   General pleading requirements

[1] Under Federal Rule of Civil Procedure 8(a)(1), a pleading must contain "a short and plain statement of the grounds

for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." The federal diversity jurisdiction statute provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Given their limited jurisdiction, federal courts have repeatedly held that a complaint must include allegations of both the state of incorporation and the principal place of business of corporate parties. *E.g.*, *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970) (faulting plaintiffs' failure to affirmatively allege state of incorporation); *Am. Motorists Ins. Co. v. Am. Emp'rs' Ins. Co.*, 600 F.2d 15, 16 & n.1 (5th Cir. 1979) (per curiam) (failure to specifically allege state of incorporation and principal place of business); *see also* 5 Charles Alan Wright et al., *Federal Practice and Procedure* § 1208 n.12 (3d ed. 2004) (listing cases requiring pleading of both state or states of incorporation and location of principal place of business).

**[2]** Consistent with Rule 8 and § 1332(c)(1), Form 7(a) in the Appendix of Forms to the Federal Rules of Civil Procedure sets out a proposed format for alleging diversity:

> The plaintiff is [a citizen of *Michigan*] [a corporation incorporated under the laws of *Michigan* with its principal place of business in *Michigan*]. The defendant is [a citizen of *New York*] [a corporation incorporated under the laws of *New York* with its principal place of business in *New York*]. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

Fed. R. Civ. P. Form 7(a) (2007) (brackets in original). The allegations set forth in Form 7(a) are consistent with Rule 8's requirement of a "short and plain statement." *See* Fed. R. Civ.

P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate.").

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), the Supreme Court reiterated that a complaint must include more than just conclusory allegations to survive a Rule 12(b)(6) motion to dismiss. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Trial courts must accept a complaint's factual allegations as true, but those allegations must plausibly suggest "the pleader is entitled to relief." *Twombly*, 550 U.S. at 557. And "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Form 7(a) requires more than just a recitation of the legal conclusion that the parties are diverse. It requires the assertion of facts regarding the location of a party's principal place of business. Those factual allegations are entitled to a presumption of truth under *Twombly* and *Iqbal*. *See id.* at 680-81; *Twombly*, 550 U.S. at 554-55.

### b. Impact of *Hertz*

Prior to *Hertz*, federal courts of appeal applied different tests to interpret "principal place of business": (1) the locus of operations (focusing on the location of the bulk of the corporation's actual physical operations); (2) the nerve center (the location where the activities of the corporation are controlled and directed); and (3) the center of corporate activities (the center of a corporation's production or service activities). *See* 15 James Wm. Moore et al., *Moore's Federal Practice* § 102.54[3][a] (3d ed. 2009); *see also Hertz*, 130 S. Ct. at 1191-92.

**[3]** In *Hertz*, the Supreme Court resolved these differing circuit court interpretations and settled on the "nerve center"

test. *Hertz*, 130 S. Ct. at 1192. The Court held that for diversity jurisdiction purposes a corporation's principal place of business "refer[s] to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* The Court explained that a principal place of business "should normally be the place where the corporation maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center.' " *Id.*

**[4]** *Hertz* provided a uniform test for courts to apply when determining the principal place of business for federal diversity jurisdiction purposes. It did not impose a heightened pleading requirement or dictate a precise manner for pleading subject matter jurisdiction. We conclude that a complaint, like the one in this case, that follows the general framework set forth in Form 7(a) is sufficient to satisfy Rule 8(a)(1); *Hertz* does not mandate more.

### c. A district court may require additional proof.

**[5]** There was no motion to dismiss filed in this case, but where the circumstances show that the allegations of a party's principal place of business are implausible, the district court may require more specific pleading. *See Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). Additionally, where the district court has doubts about whether diversity exists, the district court may "insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify [its] allegations by a preponderance of evidence." *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (emphasis omitted) (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Here, the district court initially requested that plaintiffs provide further allegations of the corporate parties' principal

places of business. The district court was not satisfied with plaintiffs' responses and it dismissed plaintiffs' first amended complaint without prejudice, which precluded the plaintiffs from filing a further amended complaint. Plaintiffs argue that the court erred by dismissing the FAC. We agree.

## II.   The district court erred by dismissing the FAC.

We review de novo whether the district court properly dismissed plaintiffs' first amended complaint for lack of subject matter jurisdiction. *See Schnabel v. Lui*, 302 F.3d 1023, 1029 (9th Cir. 2002). Although the district court may properly require a party asserting federal subject matter jurisdiction to establish its jurisdictional allegations by competent proof, *see Hertz*, 130 S. Ct. at 1194-95, the orders in this case were confusing and inconsistent. For this reason, we vacate the dismissal and remand.

**[6]** The OSC faulted plaintiffs for failing to provide sufficient *allegations* of the corporate parties' principal places of business, noting that "[t]he complaint is deficient because . . . the jurisdiction averment by plaintiff(s) is patently insufficient." Plaintiffs' FAC included allegations of the principal places of business for each of the corporate parties consistent with Form 7(a). The district court dismissed the FAC, not because its jurisdictional averment remained deficient, but because plaintiffs did not "support their allegations by competent proof" and "did not satisfy their burden to show citizenship by a preponderance of the evidence." The order denying plaintiffs' motion for rehearing explained that the complaint was dismissed "based on Plaintiffs['] failure to provide factual support for its allegations in response to the Court's specific request, not on the presence or absence of certain pleading language." We do not decide that the district court abused its discretion by requesting proof of the corporate parties' nerve centers; the district court erred because its prior order suggested it was plaintiffs' "jurisdiction averment" that

was lacking but it dismissed the complaint for lack of "proof of citizenship."

**[7]** The orders dismissing the FAC and denying the motion for rehearing fault plaintiffs for failing to provide additional proof that was never clearly requested. In light of these conflicting orders, we vacate the order dismissing plaintiffs' FAC and remand this case to the district court.

**VACATED and REMANDED.**