FILED

OCT 7 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SARA BATTERHAM; COLIN
BATTERHAM,

               Plaintiffs - Appellants,

  v.

KHALSA RESORTS, INC.; SURAT
SINGH,

               Defendants - Appellees.

No. 13-15135

D.C. No. 3:11-cv-00527-LRH-
WGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

     Sara and Colin Batterham appeal pro se from the district court's order

dismissing for lack of subject matter jurisdiction the Batterhams' action alleging

violations of state law in connection with their employment at a motel. We have

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012), and affirm.

The district court properly dismissed the Batterhams' action for lack of subject matter jurisdiction because there was not complete diversity between the parties at the time the action was commenced and there was no basis for jurisdiction under 28 U.S.C. § 1331. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 574 (2004) ("[W]here there is no change of party, a jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit." (citation and internal quotation marks omitted)); *see also Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement in the Cloverly Subterranean Geological Formation*, 524 F.3d 1090, 1102 (9th Cir. 2008) ("[I]n order for a state law claim to provide a basis for federal jurisdiction, the state claim must turn on substantial questions of federal law, and really and substantially involv[e] a dispute or controversy respecting the validity, construction or effect of [federal] law." (citation and internal quotation marks omitted)).

**AFFIRMED.**

13-15135