**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DOUGLAS P. LEITE; MARY ANN K. LEITE,

*Plaintiffs-Appellants*,

v.

CRANE COMPANY, a Delaware corporation; AURORA PUMP COMPANY, a foreign corporation; BAYER CROPSCIENCE, INC., successor-in-interest to Rhone-Poulenc AG Company, a foreign company, AKA Amchem Products, Inc., AKA Benjamin Foster Products Company; UNION CARBIDE CORPORATION, a New York corporation; AIR & LIQUID SYSTEMS CORPORATION, successor-by-merger to Buffalo Pumps, Inc., a New York corporation; CERTAINTEED CORPORATION, a Delaware corporation; CLEAVER-BROOKS, INC., a Delaware corporation; GOULDS PUMPS, INC., a Delaware corporation; IMO INDUSTRIES, INC., individually and as successor-in-interest to Delaval Turbine, Inc., a Delaware corporation, FKA Delaval Steam Turbine Company, FKA IMO

No. 12-16864

D.C. No.
1:11-cv-00636-
JMS-RLP

Delaval, Inc., FKA Transamerica
Delaval, Inc.; INGERSOLL RAND
COMPANY, a New Jersey
corporation; JOHN CRANE, INC., a
Delaware corporation; THE LYNCH
COMPANY, INC., a Hawaii
corporation; METROPOLITAN LIFE
INSURANCE COMPANY, a New York
corporation; WARREN PUMPS, LLC,
a Delaware corporation; THE
WILLIAM POWELL COMPANY, an
Ohio corporation; VELAN VALVE
CORPORATION, a New York
corporation; COPES-VULCAN, a
subsidiary of SPX Corporation, a
Delaware corporation; ATWOOD &
MORRILL, a subsidiary of Weir
Valves & Controls USA, Inc., a
Massachusetts Corporation; DOES 1
TO 25,

          *Defendants-Appellees*.

---

DAVID THOMPSON,

          *Plaintiff-Appellant*,

      v.

CRANE COMPANY, Delaware
corporation; AURORA PUMP
COMPANY, a foreign corporation;
BAYER CROPSCIENCE, INC.,
successor-in-interest to Rhone-

No. 12-16982

D.C. No.
1:11-cv-00638-
LEK-RLP

OPINION

Poulenc AG Company, a foreign company, AKA Amchem Products, Inc., AKA Benjamin Foster Products Company; UNION CARBIDE CORPORATION, a New York corporation; AIR & LIQUID SYSTEMS CORPORATION, successor-by-merger to Buffalo Pumps, Inc., a New York corporation; CERTAINTEED CORPORATION, a Delaware corporation; CLEAVER-BROOKS, INC., a Delaware corporation; GOULDS PUMPS, INC., a Delaware corporation; IMO INDUSTRIES, INC., individually and as successor-in-interest to Delaval Turbine, Inc., a Delaware corporation, FKA Delaval Steam Turbine Company, FKA IMO Delaval, Inc., FKA Transamerica Delaval, Inc.; INGERSOLL RAND COMPANY, a New Jersey corporation; JOHN CRANE, INC., a Delaware corporation; THE LYNCH COMPANY, INC., a Hawaii corporation; METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation; WARREN PUMPS, LLC, a Delaware corporation; THE WILLIAM POWELL COMPANY, an Ohio corporation; VELAN VALVE CORPORATION, a New York corporation; COPES-VULCAN, a subsidiary of SPX Corporation, a

Delaware Corporation; ATWOOD &
MORRILL, a subsidiary of Weir
Valves & Controls USA, Inc., a
Massachusetts Corporation; DOES 1
TO 25,

*Defendants-Appellees*.

Appeals from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted
October 8, 2013—Honolulu, Hawaii

Filed April 25, 2014

Before: Alex Kozinski, Chief Judge, and Raymond C.
Fisher and Paul J. Watford, Circuit Judges.

Opinion by Judge Watford

# SUMMARY[*]

## Removal Jurisdiction

The panel affirmed the district court's orders denying motions to remand to state court actions that were removed to federal court under the federal officer removal statute, 28 U.S.C. § 1442.

Plaintiffs worked as machinists at the Pearl Harbor Naval Shipyard, and they alleged that Crane Co. failed to warn them of the hazards posed by asbestos used in and around equipment that Crane Co. sold to the United States Navy.

The panel held that a plaintiff's motion to remand may raise either a facial attack or a factual attack on the defendant's jurisdictional allegations. The panel held that plaintiffs raised a factual attack by contesting the truth of Crane's allegations regarding the existence of a colorable federal defense and requisite causal nexus. The panel noted that Crane bore the burden of proving by a preponderance of the evidence that the colorable federal defense and causal nexus requirements for removal jurisdiction were met. Crane asserted a government contractor defense, and the panel held that Crane's affidavits established that it had a colorable federal defense. Finally, the panel held that Crane proved by a preponderance of the evidence that a causal nexus existed between plaintiffs' claims and actions Crane took at the direction of a federal officer.

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

L. Richard DeRobertis (argued), Gary O. Galiher, and Todd W. Eddins, Galhier DeRobertis Ono, Honolulu, Hawaii, for Plaintiffs-Appellants.

Michael J. Ross (argued), Nicholas P. Vari, and Michael J. Zukowski, K&L Gates LLP, Pittsburgh, Pennsylvania; Edward P. Sangster, K&L Gates LLP, San Francisco, California, for Defendants-Appellees.

## OPINION

WATFORD, Circuit Judge:

The plaintiffs in these consolidated appeals, Douglas Leite and David Thompson, worked as machinists at the Pearl Harbor Naval Shipyard in Hawaii, where they were allegedly injured by exposure to asbestos. They sued defendants under state tort law on the theory that defendants failed to warn them of the hazards posed by asbestos used in and around equipment that defendants sold to the United States Navy. (We focus here on only one of the defendants, Crane Co., because it alone filed a brief on appeal.)

Plaintiffs filed separate lawsuits against Crane in state court, but Crane removed the actions to federal court under the federal officer removal statute, 28 U.S.C. § 1442. Plaintiffs asked the district courts to remand the actions to state court on the ground that Crane had not provided sufficient evidence of the factual requirements for removal jurisdiction. In both cases, the district courts denied plaintiffs' motions. Acknowledging that other district courts

confronted with similar facts have reached the opposite conclusion,[1] the courts certified their orders for interlocutory appeal. We agreed to hear these appeals under 28 U.S.C. § 1292(b).

As relevant here, the federal officer removal statute authorizes removal of a civil action brought against any person "acting under" an officer of the United States "for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1).[2] To invoke the statute, Crane must show that (1) it is a "person" within the meaning of the statute, (2) a causal nexus exists between plaintiffs' claims and the actions Crane took pursuant to a federal officer's direction, and (3) it has a "colorable" federal defense to plaintiffs' claims. *See*

---

[1] *See, e.g.*, *Holdren v. Buffalo Pumps, Inc.*, 614 F. Supp. 2d 129 (D. Mass. 2009); *Westmiller v. IMO Indus., Inc.*, 2005 WL 2850334 (W.D. Wash. Oct. 20, 2005); *Nguyen v. Allied Signal, Inc.*, 1998 WL 690854 (N.D. Cal. Sept. 29, 1998).

[2] 28 U.S.C. § 1442(a)(1) currently provides:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

*Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006).

In its removal notices, Crane alleged facts satisfying each of these requirements. Crane alleged that it is a "person" for purposes of § 1442(a)(1); that it omitted any warning of asbestos hazards pursuant to the direction of Navy officers; and that it has a colorable federal defense to plaintiffs' claims—the government contractor defense. Crane substantiated these allegations by attaching extensive testimonial and documentary evidence, including affidavits from four individuals: retired Rear Admiral David Sargent, Jr.; retired Rear Admiral Roger Horne, Jr.; Dr. Samuel Forman, a medical doctor who conducted extensive research on the extent of the Navy's knowledge of asbestos hazards; and Anthony Pantaleoni, Crane's Vice-President of Environment, Health, and Safety. The Sargent and Horne affidavits describe the Navy's procurement policies, and in particular the Navy's detailed specifications regulating the warnings that equipment manufacturers were required to provide. Dr. Forman's affidavit describes the Navy's evolving awareness of asbestos risks, and opines that the Navy always knew at least as much about asbestos hazards as equipment manufacturers like Crane.

Plaintiffs contest Crane's jurisdictional allegations and raise evidentiary objections to portions of Crane's affidavits, mainly on the ground that the affidavits contain speculative expert opinion testimony that must be excluded under Federal Rule of Evidence 702. Plaintiffs argue that, without these improper opinions, Crane hasn't satisfied each of the requirements for removal jurisdiction.

Plaintiffs' arguments raise several novel procedural questions we have not yet squarely addressed: May a defendant establish removal jurisdiction under § 1442(a)(1) by adequately *alleging* the necessary facts, or must the defendant *prove* those facts before the case may proceed in federal court? If actual proof is required, must the district court resolve evidentiary challenges to the defendant's evidence before deciding whether removal jurisdiction exists? And if the existence of jurisdiction turns on disputed factual issues, should the district court resolve those issues itself or instead leave them to be resolved by the trier of fact?

Fortunately, all of these questions have been answered in a procedurally analogous context—cases in which the plaintiff files suit in federal court and the defendant moves to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). We'll start by sketching out the rules that govern in that context, for we conclude those same rules should apply here.

To invoke a federal court's subject-matter jurisdiction, a plaintiff needs to provide only "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The plaintiff must allege facts, not mere legal conclusions, in compliance with the pleading standards established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Harris v. Rand*, 682 F.3d 846, 850–51 (9th Cir. 2012). Assuming compliance with those standards, the plaintiff's factual allegations will ordinarily be accepted as true unless challenged by the defendant. *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1363, at 107 (3d ed. 2004).

Under Rule 12(b)(1), a defendant may challenge the plaintiff's jurisdictional allegations in one of two ways. A "facial" attack accepts the truth of the plaintiff's allegations but asserts that they "are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction. *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013).

A "factual" attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings. *Safe Air for Everyone*, 373 F.3d at 1039; *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with "competent proof," *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010), under the same evidentiary standard that governs in the summary judgment context. *See Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010) (en banc); *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1559 (9th Cir. 1987); Fed. R. Civ. P. 56(c). The plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met. *Harris*, 682 F.3d at 851. With one caveat, if the existence of jurisdiction turns on disputed factual issues, the district court may resolve those factual disputes itself. *Safe Air for Everyone*, 373 F.3d at

1039–40; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); *Thornhill*, 594 F.2d at 733.[3]

Challenges to the existence of removal jurisdiction should be resolved within this same framework, given the parallel nature of the inquiry. The statute governing removal of civil actions tracks the language of Rule 8(a)(1), requiring the defendant to provide "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Like plaintiffs pleading subject-matter jurisdiction under Rule 8(a)(1), a defendant seeking to remove an action may not offer mere legal conclusions; it must allege the underlying facts supporting each of the requirements for removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (per curiam). A plaintiff who contests the existence of removal jurisdiction may file a motion to remand, *see* 28 U.S.C. § 1447(c), the functional equivalent of a defendant's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). As under Rule 12(b)(1), a plaintiff's motion to remand may raise either a facial attack or a factual attack on the defendant's jurisdictional allegations, triggering application of the rules discussed above for resolving such challenges.

We recognize that defendants enjoy much broader removal rights under the federal officer removal statute than they do under the general removal statute, 28 U.S.C. § 1441. *See Durham*, 445 F.3d at 1253 (cataloging the differences).

---

[3] The caveat is that a court must leave the resolution of material factual disputes to the trier of fact when the issue of subject-matter jurisdiction is intertwined with an element of the merits of the plaintiff's claim. *See, e.g.*, *Safe Air for Everyone*, 373 F.3d at 1039–40; *Augustine*, 704 F.2d at 1077.

We nonetheless conclude that applying the Rule 12(b)(1) framework to resolve jurisdictional challenges in this context will not unduly burden the unique rights § 1442 affords removing defendants. In most cases, defendants will already be in possession of competent proof supporting what they are required to show: personhood, a causal nexus, and a colorable federal defense. Requiring defendants to produce such proof when their § 1442 jurisdictional allegations are challenged will not frustrate the statutory policy of facilitating access to a federal forum.

In this case, plaintiffs do not raise a facial attack on Crane's jurisdictional allegations, as the allegations are sufficient on their face to support removal jurisdiction under § 1442(a)(1). But plaintiffs have raised a factual attack by contesting the truth of Crane's allegations regarding the existence of a colorable federal defense and the requisite causal nexus. *See Durham*, 445 F.3d at 1251. In support of their factual attack, plaintiffs have submitted extensive evidence outside the pleadings, including military specifications, technical manuals, warning label guides, and deposition excerpts.

Because plaintiffs have raised a factual attack on Crane's jurisdictional allegations, Crane must support its allegations with competent proof. *See Safe Air for Everyone*, 373 F.3d at 1039. And Crane bears the burden of proving by a preponderance of the evidence that the colorable federal defense and causal nexus requirements for removal

jurisdiction have been met. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).[4]

The only federal defense Crane asserts is the government contractor defense recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988). To establish that defense in the context of plaintiffs' failure-to-warn claims, Crane will ultimately have to prove that (1) the Navy exercised its discretion and approved certain warnings for Crane's products, (2) Crane provided the warnings required by the Navy, and (3) Crane warned the Navy about any asbestos hazards that were known to Crane but not to the Navy. *See Getz v. Boeing Co.*, 654 F.3d 852, 866 (9th Cir. 2011); *accord Tate v. Boeing Helicopters*, 140 F.3d 654, 658–60 (6th Cir. 1998); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 1003–04 (7th Cir. 1996).

Crane's affidavits establish that it has a colorable federal defense. With respect to the first element, Rear Admirals Horne and Sargent state that the Navy issued detailed specifications governing the form and content of all warnings that equipment manufacturers were required to provide, both on the equipment itself and in accompanying technical manuals. According to their affidavits, the Navy was directly involved in preparing the manuals, which included safety information about equipment operation only to the extent directed by the Navy. Horne and Sargent further state that equipment manufacturers could not include warnings beyond those specifically required and approved by the Navy, and

---

[4] Plaintiffs do not contest that Crane, a private contractor producing equipment for the Navy, qualifies as a "person" under § 1442(a)(1). *See Watson v. Philip Morris Cos.*, 551 U.S. 142, 153–54 (2007); *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 135–36 (2d Cir. 2008).

that the Navy's specifications did not require equipment manufacturers to include warnings about asbestos hazards. These statements, which are supported by an adequate foundation based on the affiants' knowledge of Navy procurement policies, establish a colorable showing that the Navy exercised its discretion and approved certain warnings for Crane's products. *See Getz*, 654 F.3d at 866–67.[5]

In their affidavits, Horne and Sargent go further and opine that if Crane had asked the Navy to approve warnings about asbestos hazards, the Navy would have rejected them. Plaintiffs argue at length that this counterfactual opinion testimony is entirely speculative and unreliable and therefore can never be established by admissible evidence under Federal Rule of Evidence 702. We need not resolve plaintiffs' evidentiary objections to this testimony because Crane has made a colorable showing under *Getz*'s first element without it, based on the portions of the Horne and Sargent affidavits discussed above. It's enough under *Getz* that the Navy exercised its discretion by prescribing certain warnings and prohibiting others without its express approval. Horne and Sargent are competent to testify to those facts;

---

[5] We note that the government contractor defense will not lie if the warnings approved by the military are completely unrelated to the warnings prescribed by state law. Because the defense is intended to protect the government's discretion, there must be a conflict between the military specifications and state-law requirements. *See Boyle*, 487 U.S. at 507, 511–12. Only when the warnings required by state law fall within the scope of the warnings approved by the federal government will the government's exercise of discretion necessarily conflict with the contractor's state-law duty to warn. *See Getz*, 654 F.3d at 866–67. For the reasons explained above, Crane has made a colorable showing that warnings about the risks of asbestos fell within the scope of the warnings considered and adopted by the Navy.

there's nothing speculative about what, in their view, the Navy's procurement policies actually required. Contrary to plaintiffs' assumption, Crane need not prove that the Navy would have forbidden it to issue asbestos warnings had Crane requested the Navy's approval. As we held in *Getz*, the government contractor defense isn't limited to "instances where the government forbids additional warning or dictates the precise contents of a warning." 654 F.3d at 867; *accord Ruppel v. CBS Corp.*, 701 F.3d 1176, 1185 n.2 (7th Cir. 2012).

Crane's affidavits also establish a colorable showing with respect to the second and third elements of the government contractor defense. Pantaleoni, a Crane vice-president, states that all of the equipment Crane sold to the Navy complied with Navy specifications, which would include the specifications regarding required warnings. Sargent confirms that an outside vendor's equipment could not have been installed aboard Navy vessels unless it complied with all applicable Navy specifications. Plaintiffs do not raise evidentiary objections to these statements, which make a colorable showing that Crane provided the warnings required by the Navy. And Dr. Forman's affidavit, supported by an adequate foundation based on his years of historical research, makes a colorable showing that the Navy at all times knew at least as much about asbestos hazards as the equipment manufacturers, leaving nothing for Crane to warn the Navy about.

At this stage, Crane doesn't have to prove that its government contractor defense is in fact meritorious, and we express no view on whether it is. As the Supreme Court has held, a defendant invoking § 1442(a)(1) "need not win his case before he can have it removed." *Willingham v. Morgan*,

395 U.S. 402, 407 (1969). All that Crane must prove by a preponderance of the evidence is that its government contractor defense is "colorable." *Jefferson Cnty. v. Acker*, 527 U.S. 423, 431 (1999). The evidence Crane has submitted satisfies its burden.

Based on the same evidence, Crane has also proved by a preponderance of the evidence that a causal nexus exists between plaintiffs' claims and the actions Crane took at the direction of a federal officer. In assessing whether a causal nexus exists, we credit the defendant's theory of the case. *Id.* at 432; *Isaacson*, 517 F.3d at 137. Such a nexus exists here because the very act that forms the basis of plaintiffs' claims—Crane's failure to warn about asbestos hazards—is an act that Crane contends it performed under the direction of the Navy. Crane may not be right—indeed, it may be that the Navy had nothing to do with Crane's failure to warn. But the question "whether the challenged act was outside the scope of [Crane's] official duties, or whether it was specifically directed by the federal Government, is one for the federal—not state—courts to answer." *Isaacson*, 517 F.3d at 138; *see also Willingham*, 395 U.S. at 407.

**AFFIRMED.**