NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 24 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SIVATHARAN NATKUNANATHAN, | No. 15-56769 |
| Plaintiff-Appellant, | D.C. No. 8:15-cv-00895-DOC-JCG |
| v. | |
| UNITED STATES SUPREME COURT; REDMOND K. BARNES, individually and as clerk, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted April 11, 2017**

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Sivatharan Natkunanathan appeals pro se from the district court's order

dismissing his petition for a writ of mandamus to compel the Clerk of the United

States Supreme Court to file his petitions.  We have jurisdiction of this appeal

---

         *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

         **   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).  Accordingly, appellant's request for oral argument, set forth in his opening brief, is denied.

under 28 U.S.C. § 1291.  We review de novo a dismissal for lack of subject matter jurisdiction.  *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000).  We affirm.

The district court properly dismissed the petition because Natkunanathan has failed to set forth any basis for subject matter jurisdiction over this petition.  *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (to invoke a federal court's subject matter jurisdiction, a plaintiff needs to provide a short and plain statement of the grounds for the court's jurisdiction); *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 662 (9th Cir. 2004) (there is no jurisdiction where a claim "appear[s] to be immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by dismissing Natkunanathan's complaint without leave to amend because amendment would be futile.  *See Chodos v. West Publ'g Co.*, 292 F.2d 992, 1003 (9th Cir. 2001) (standard of review); *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile[.]").

The district court did not abuse its discretion in denying Natkunanathan's motion for reconsideration because Natkunanathan failed to establish any of the requirements for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) 1263 (standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e)).

Natkunanathan's motion for an alternative claim for relief (Docket Entry No. 13) and motion for reconsideration (Docket Entry No. 21) are denied.

**AFFIRMED.**

15-56769