NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 10 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WAYNE YOCUM; TINA YOCUM, Plaintiffs-Appellees, v. CBS CORPORATION, FKA Viacom, Inc., FKA Westinghouse Electric Corporation, a Delaware corporation, Defendant-Appellant, and FOSTER WHEELER, LLC; GENERAL ELECTRIC COMPANY; IMO INDUSTRIES, INC., individually and as successor in interest, parent, alter ego and equitable trustee of Delaval Steam Turbine Co.; SYD CARPENTER MARINE CONTRACTOR, INC.; DOES, One through One Hundred, inclusive, Defendants. | No.  17-56344 D.C. No. 2:17-cv-01061-SJO-AJW MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted November 5, 2018

_____

   *   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Seattle, Washington

Before:  McKEOWN and FRIEDLAND, Circuit Judges, and GAITAN,** District Judge.

CBS Corporation ("Westinghouse") appeals the order remanding this action for lack of subject matter jurisdiction.  The district court concluded that Westinghouse failed to show it had a "colorable" federal defense required for federal officer removal.  The parties are familiar with the facts, so we do not repeat them here.  We have jurisdiction under 28 U.S.C. §§ 1291 and 1447(d), and we review de novo a decision to remand for a lack of jurisdiction.  *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 938 (9th Cir. 2006).  We reverse and remand.

To invoke federal officer removal, Westinghouse "must show that (1) it is a 'person' within the meaning of the statute, (2) a causal nexus exists between [the Yocums'] claims and the actions [it] took pursuant to a federal officer's direction, and (3) it has a 'colorable' federal defense to [these] claims."  *Leite v. Crane Co.*, 749 F.3d 1117, 1120 (9th Cir. 2014) (citing *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006)).  Westinghouse's claimed federal defense—the military contractor defense—immunizes from state tort liability suppliers of "military equipment . . . when (1) the United States approved reasonably precise

---

**      The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri, sitting by designation.

2

specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988). Our court limits this defense exclusively to "military equipment." *Snell v. Bell Helicopter Textron, Inc.*, 107 F.3d 744, 746 n.1 (9th Cir. 1997).

The district court concluded that the asbestos insulation in the A1W nuclear propulsion system was not military equipment and therefore that Westinghouse did not present a colorable military contractor defense. *See In re Haw. Fed. Asbestos Cases*, 960 F.2d 806, 812-13 (9th Cir. 1992) (asbestos insulation is not military equipment). However, several of our cases are consistent with a broader framing of military equipment, namely that we focus on the whole product provided by the supplier (here, the A1W system), *see, e.g.*, *Leite*, 749 F.3d at 1119-20, and none of our cases clearly foreclose such framing. *Cf. Cabalce v. Thomas E. Blanchard & Assocs., Inc.*, 797 F.3d 720, 731 & n.5 (9th Cir. 2015) (no colorable defense because binding precedent limits military contractor defense to military equipment and fireworks are not military equipment). Thus, Westinghouse has made a "colorable" showing that military equipment is at issue. *See Leite*, 749 F.3d at 1124 (military contractor need not "prove that its [federal] defense is in fact meritorious" to invoke federal officer removal).

As the district court concluded in its initial order denying the Yocums' motion to remand, Westinghouse has met the other elements required for federal officer removal, so the Yocums' two alternative grounds for affirmance are unavailing. As a threshold matter, Westinghouse's evidence in support of its defense clears the low bar of relevance and complies with the relaxed evidentiary standards that govern the Yocums' factual jurisdictional attack. *See id.* at 1121. This evidence supports at least a colorable argument that the military "approved reasonably precise specifications" for the equipment at issue here. For the same reason, Westinghouse has satisfied its burden to show that a causal nexus exists between the Yocums' claims and the actions Westinghouse took pursuant to a federal officer's direction.

**REVERSED AND REMANDED.**