**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OBAYDUL HOQUE BHUIYAN,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

No.  17-16714

D.C. No. 1:14-cv-00013

MEMORANDUM[*]

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, District Judge, Presiding

Argued and Submitted June 10, 2019
Honolulu, Hawaii

Before:  THOMAS, Chief Judge, and CALLAHAN and CHRISTEN, Circuit
Judges.

Obaydul Hoque Bhuiyan, a citizen of Bangladesh, appeals the dismissal of

his Federal Tort Claims Act and declaratory judgment claims for lack of subject

matter jurisdiction.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

affirm. The parties are familiar with the facts and procedural history, so we need not recount those here.

We review de novo an order dismissing a complaint for lack of subject matter jurisdiction. *Gonzalez v. United States*, 814 F.3d 1022, 1028 n.2 (9th Cir. 2016). We resolve a facial attack on subject matter jurisdiction by "[a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). The non-moving party "bears the burden of proving by a preponderance of the evidence" that the court possesses subject matter jurisdiction. *Id.*

1. The district court lacked subject matter jurisdiction over Bhuiyan's FTCA claim because Bhuiyan failed to identify similar circumstances giving rise to liability under state tort law. The FTCA waives the government's sovereign immunity "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Terbush v. United States*, 516 F.3d 1125, 1128–29 (9th Cir. 2008) (quoting 28 U.S.C. § 1346(b)(1)). The government argues that Vermont law applies; Bhuiyan contends that the law of the Commonwealth of the Northern Mariana Islands ("CNMI") applies. We need not decide which law applies, because Bhuiyan failed to demonstrate that either CNMI or Vermont law would hold a

2

private actor liable in any similar situation. Bhuiyan relies on Vermont law involving general negligence principles, and a CNMI case involving an employer's responsibility to submit documents to the government. *Rokibul v. Philpan Int'l Corp.*, NMI Super. Ct. Civ. No. 07-0175 (August 11, 2009). None of the cases are sufficiently analogous. Bhuiyan cites to out-of-jurisdiction authority, but reliance on out-of-jurisdiction cases does not suffice, per the plain language of the statute. Further—as the district court noted—there is, as a general matter, no private analogue to governmental withdrawal of immigration benefits.

2.    The district court lacked subject matter jurisdiction over Bhuiyan's declaratory judgment action because Bhuiyan's complaint did not articulate a sufficiently certain injury in fact. In the context of a declaratory judgment, "'threatened injury must be *certainly impending* to constitute injury in fact' . . . '[a]llegations of *possible* future injury' are not sufficient." *Clapper v. Amnesty Int'l. USA*, 568 U.S. 398, 409 (2013) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). Nowhere in the record or the briefing does Bhuiyan claim any intent to travel to the United States. Further, the government has affirmed that, as a result of the reopening of his case and the grant of humanitarian parole, Bhuiyan no longer has any unlawful accrued presence time. Thus, any injury he might

3

suffer as a result of any prior potentially accrued unlawful presence time does not constitute an injury sufficient to support the existence of a case or controversy.

**AFFIRMED.**