**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, FKA The Bank of New York, as Trustee for the Benefit of the Certificate holders of the CWABS, Inc., Asset Backed Certificates, Series 2004-2,<br><br>              Plaintiff-Appellee,<br><br> v.<br><br>THUNDER PROPERTIES, INC.,<br><br>              Defendant-Appellant,<br><br> and<br><br>TOWNHOUSE SOUTH ASSOCIATION, INC.; E. ALAN TIRAS, P.C.,<br><br>              Defendants. | No.   17-16575<br><br>D.C. No.<br>3:16-cv-00208-RCJ-VPC<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted September 13, 2019
San Francisco, California

Before:  GOULD, BEA, and FRIEDLAND, Circuit Judges.

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Bank of New York Mellon brought a quiet title suit against Thunder Properties, Inc., alleging that the Bank's pre-foreclosure tender of the superpriority amount of a homeowners association lien on a property preserved its interest in the property. Thunder Properties, which purchased the property at foreclosure, appeals the district court's grant of summary judgment in favor of Bank of New York Mellon. We review de novo whether subject-matter jurisdiction exists, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 979 (9th Cir. 2005), whether summary judgment was correctly granted, *GoPets Ltd. v. Hise*, 657 F.3d 1024, 1029 (9th Cir. 2011), and whether the district court's interpretation of state law was correct, *Lahoti v. Vericheck, Inc.*, 636 F.3d 501, 505 (9th Cir. 2011). We affirm.

There is subject-matter jurisdiction under 28 U.S.C. § 1332 in this case because the amount in controversy is indisputably met, Bank of New York Mellon brought suit in its own name in its capacity as trustee, nothing alleged in the complaint suggests that the relevant trust is anything but a traditional trust, and the Bank is diverse from all Defendants. *See Americold Realty Tr. v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016) (when the trustee of a traditional trust "files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes"); *Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1228–29 (9th Cir. 2019), *cert. docketed*, No. 19-219 (U.S. Aug. 20, 2019) (same). In the district court, Defendants mounted a facial attack on Bank of New York Mellon's

jurisdictional allegations, asserting that the allegations were insufficient on their face to invoke diversity jurisdiction.[1] *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). But accepting as true the Bank's allegation that it is the trustee for a class of certificate-holding beneficiaries, and drawing all reasonable inferences in its favor, as required in the absence of a factual attack on the pleadings, the district court correctly determined that the complaint was legally sufficient on its face. *See id.*; *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

Bank of New York Mellon's tender of the full amount of the superpriority portion of the homeowners association lien discharged the lien. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 117–21 (Nev. 2018) (interpreting Nev. Rev. Stat. § 116.3116 (2012)). Nevada law dictates that such a tender is permissibly conditional; that the tender need not be "kept good"; that the tender need not be recorded; and that the bona fide purchaser status of a post-tender buyer of the property is irrelevant. *Id.* at 119–21. The foreclosure sale was therefore void and Bank of New York Mellon's mortgage remains. *See id.* at 121.

We conclude that none of Thunder Properties's remaining arguments is persuasive. Thunder Properties argues that there was a good-faith dispute as to the

---

[1] As we read the record, and as Thunder Properties' counsel conceded at oral argument, Defendants never sought discovery to contest the truth of Bank of New York Mellon's factual allegations regarding jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

superpriority amount. That argument has no merit because, based on the record before us, Bank of New York Mellon tendered the statutorily correct amount. *See id.* at 118; *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (9th Cir. 2019). Finally, Thunder Properties's equitable subrogation and balance of the equities arguments fail because "equitable principles will not justify a court's disregard of statutory requirements." *Pellegrini v. State*, 34 P.3d 519, 531 (Nev. 2001).

**AFFIRMED**.