NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LANDON YOUNG, individually and as husband; HEATHER YOUNG, individually and as wife,

        Plaintiffs-Appellees,

 v.

TYCO FIRE PRODUCTS, LP, a Delaware limited partnership; et al.,

        Defendants-Appellants,

 and

ANGUS FIRE, LTD., a Delaware limited partnership,

        Defendant.

No. 21-15912

D.C. No. 2:21-cv-00568-SPL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted January 11, 2022
Pasadena, California

Before: RAWLINSON and CALLAHAN, Circuit Judges, and BLOCK,[**] District

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Frederic Block, United States District Judge for the

Judge.

In this appeal, we determine whether the district court erred by remanding this case after it was removed to federal court under the federal officer removal statute, 28 U.S.C. § 1442. Applying the framework we previously set forth in *Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014), we affirm.

Plaintiff-Appellee Landon Young is a firefighter with the Goodyear Fire Department in Goodyear, Arizona. For over a decade, he worked with aqueous film-forming foams (AFFFs), a class of allegedly carcinogenic fire-fighting agents. After Mr. Young developed testicular cancer, he and his wife sued several AFFF manufacturers and distributors—Defendants-Appellants Chemguard, Inc.; Tyco Fire Products, LP; Perimeter Solutions, LP; L.N. Curtis and Sons, Inc.; and Matlick Enterprises, Inc. (collectively, "Chemguard")—in Arizona state court, asserting product liability claims under Arizona state law.[1]

Chemguard removed the case to federal court under the federal officer removal statute. This statute allows cases to be heard in federal court if they're "against or directed to . . . any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for

Eastern District of New York, sitting by designation.

[1] The Youngs also sued Angus Fire Ltd., but it hasn't appeared in this case either before the district court or on appeal.

2

or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1).

Chemguard argues that this case can be heard in federal court under this statute based on the use of military-grade AFFFs at Luke Air Force Base, a military base a few miles north of Goodyear. According to Chemguard, chemical components of these so-called "MilSpec" AFFFs seeped into the groundwater at Luke, migrated south to Goodyear, and got into the town's water supply. There, Chemguard alleges, Mr. Young drank the contaminated water and used it in his firefighting duties. While Chemguard denies that AFFFs caused Mr. Young's cancer, it argues that to the extent AFFFs did contribute to his cancer, at least some of those AFFFs were likely MilSpec AFFFs that originated at Luke. And because Chemguard made these MilSpec AFFFs to meet Department of Defense requirements, Chemguard says that the federal officer removal statute applies here.

The Youngs filed a motion to remand the case. They say that Chemguard's removal was improper because the Youngs have not asserted any MilSpec- or groundwater-related claims. The district court agreed and remanded the case based on the allegations in the complaint. Chemguard appealed.

We have jurisdiction to review the district court's grant of a motion to remand under 28 U.S.C. § 1447(d) and review the district court's grant of the motion to remand de novo. *Aguon-Schulte v. Guam Election Comm'n*, 469 F.3d 1236, 1240 (9th Cir. 2006); *Riggs v. Airbus Helicopters, Inc.*, 939 F.3d 981, 984

3

(9th Cir. 2019), *cert. den.*, 141 S. Ct. 161 (2020). We accept as true all facts alleged in the notice of removal and draw all reasonable inferences in favor of the party seeking removal. *Fidelitad v. Insitu, Inc.*, 904 F.3d 1095, 1098 (9th Cir. 2018).

We affirm the district court's decision to remand. *See Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (noting that the Ninth Circuit can affirm on any basis supported by the record, whether or not it was relied on by the district court). A defendant removing a case to federal court under the federal officer removal statute must show, among other things, that "a causal nexus exists between [the plaintiff's] claims and the actions [the defendant] took pursuant to a federal officer's direction." *Leite*, 749 F.3d at 1120.

Here, Chemguard has failed to plausibly allege such a nexus in its notice of removal. Some of the notice's allegations on this issue are impermissibly conclusory—for example, "[t]he causal connection between Plaintiffs' alleged injuries and Chemguard's actions under color of federal office is clear." The non-conclusory allegations— for example, "[t]he public water supply in the City of Goodyear contains or contained [carcinogens] that likely originated in part from AFFF used at Luke Air Force Base"—propose an alternative theory of causation that the Youngs have expressly disavowed. Thus, the Youngs will have to prove that Mr. Young's direct exposure to commercial AFFFs as a firefighter caused his

4

cancer; this claim has no causal nexus to contamination of Goodyear's groundwater by MilSpec AFFFs.

The evidence Chemguard submitted does not cure this deficiency, nor do Chemguard's other arguments alter this conclusion. Chemguard has not identified any caselaw that sufficiently supports its contentions about the 2011 amendment to the federal officer removal statute. And as Chemguard conceded at oral argument, the other AAAF-related cases Chemguard relies on involve complaints where the plaintiff explicitly alleged groundwater contamination as a source of injury.

Because Chemguard's failure to show a plausible causal nexus between its government-directed actions and the Youngs' claims is fatal to its appeal, we need not address whether Chemguard has satisfied the other requirements of the federal officer removal statute.

**AFFIRMED**.