NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PRESTIGE TRANSPORTATION, INC.; et al., | No. 21-56129 |
| Plaintiffs-Appellants, | D.C. No. 2:20-cv-08963-SB-RAO |
| v. | |
| U.S. SMALL BUSINESS ADMINISTRATION; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Argued and Submitted October 20, 2022
Pasadena, California

Before: HIGGINSON,** CHRISTEN, and BUMATAY, Circuit Judges.

Plaintiffs challenge the Small Business Administration's ("SBA") responses

to their applications for emergency disaster loans under the CARES Act. The

district court dismissed plaintiff STAM Properties LLC's ("STAM") claims for

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

lack of standing under Rule 12(b)(1) and dismissed plaintiff corporations Prestige Transportation Inc., Superior Overnight Services Inc., and Amerilogistics Group Inc.'s ("Corporate Plaintiffs") claims under Rule 12(c). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Diaz v. First Am. Home Buyers Protection Corp.*, 732 F.3d 948, 951 (9th Cir. 2013) (12(b)(1) standard); *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (12(c) standard). We vacate and remand for further proceedings.

1. ***STAM.*** In this facial attack on subject matter jurisdiction, we must accept all allegations in STAM's complaint as true and draw all reasonable inferences in STAM's favor. *Mecinas v. Hobbs*, 30 F.4th 890, 896 (9th Cir. 2022); *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). STAM's complaint alleges it applied to the SBA for an Economic Injury Disaster Loan ("EIDL") after the CARES Act was signed into law in March of 2020. It soon realized it needed to amend its application to receive a more favorable loan and a higher nonrepayable advance. But STAM alleges that it was unable to amend its application despite many attempts over a four-month period. STAM further alleges that it received conflicting information regarding the status of its loan application and attempts to amend it, including a denial letter.

On July 16, 2020, while the news of the denial was in the mail, STAM spoke with an SBA agent who emailed instructions on how to request an increased loan

amount. But STAM did not pursue those instructions because it received the SBA's denial letter (dated July 15) the next day, on July 17. On July 31, STAM reached an SBA agent who "confirmed that its application had been withdrawn because the company 'failed to proceed' and that no option to reopen or reactivate exists."

STAM then filed suit alleging that the SBA denied its application, and never provided the loan offer or advance to which STAM was entitled, because the SBA applied an illegal "*de facto* policy prohibiting amendments to filed applications," which STAM dubs the "no amendment policy." STAM deduces the existence of this policy from (1) its inability to file an amended application online or over the phone; (2) the automatic withdrawal of its second application; (3) the failed attempts of multiple SBA agents to make amendments to STAM's application despite one agent's claim to have inputted the amendments and a second agent's confirmation that they had been updated in the SBA's system; (4) the denial of STAM's application without consideration of the amendments; and (5) the SBA agent's July 31 statement that there is no option to reopen an application.

Defendants moved for dismissal under Rule 12(b)(1), which the district court granted. The district court suggested that STAM's complaint repeatedly contradicts its allegation that the SBA had a no amendments policy because the complaint recounts instances in which SBA representatives "inputted the requested

3

changes" to the application and "confirmed" information "had been updated." But the complaint also recounts, immediately after, that those changes were *never* reflected on STAM's application, that the application was denied and never evaluated as amended, and that the SBA told STAM, in its final communication before STAM filed suit, that "no option to reopen or reactivate exists." STAM's complaint is difficult to parse and subject to different plausible interpretations.

Construed in STAM's favor, the complaint alleges the existence of a no amendments policy. We nevertheless remand to the district court to determine if STAM sufficiently alleged an injury *traceable* to that policy. On appeal, the SBA argues that any allegation of injury traceable to the policy is conclusory and implausible or that STAM's injury was "self-inflicted" due to its failure to follow the instructions provided by the SBA's July 16 email. In considering whether any injury was "self-inflicted," the district court should apply the Supreme Court's recent decision in *Federal Election Commission v. Cruz*, 142 S. Ct. 1638, 1647 (2022). We thus take no position on STAM's standing at this time and remand for consideration by the district court in the first instance.

**2. *Corporate Plaintiffs.*** Corporate Plaintiffs' applications for EIDLs were denied in 2020 based on the SBA's so-called "immigration status policy." For the Corporate Plaintiffs to be eligible for EIDLs under this policy, their shareholders must be "qualified aliens" under the Immigration and Nationality Act, *see* 8 U.S.C.

4

§ 1641(b), and it is uncontested that Corporate Plaintiffs' shareholders are not "qualified aliens."

In their complaint, Corporate Plaintiffs allege that this immigration status policy is ultra vires, inconsistent with the CARES Act, and constitutes an illegal policy change implemented *sub silentio*. In its motion to dismiss under Rule 12(c), the SBA points out that its 2018 Standard Operating Procedure ("SOP") already contained the policy and argues the policy is longstanding and traceable to the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 ("PRWORA").[1] *See* 8 U.S.C § 1611(a) ("Notwithstanding any other provision of law . . . , an alien who is not a qualified alien . . . is not eligible for any Federal public benefit."). In response and on appeal, Corporate Plaintiffs argue that PRWORA's prohibition applies to *aliens*—that is, *individuals*, not *corporations*—and that the SBA's argument ignores that Corporate Plaintiffs and their shareholders are distinct entities.

The district court granted the SBA's 12(c) motion. It found that the CARES Act did not displace PRWORA, and it reasoned that "unless the CARES Act displace[d] PRWORA, Plaintiffs were statutorily ineligible to receive EIDL loans

---

[1] Corporate Plaintiffs claim that prior versions of the SBA's SOP did not include this PRWORA requirement. We leave it to the district court to consider whether these alleged changes in policy bear on the instant case.

5

under PRWORA, and the SBA was not only authorized but required to deny their applications."

The district court assumed that PRWORA prohibits federal aid to Corporate Plaintiffs but did not explain its reasoning. Because this is a significant issue of first impression, we remand to the district court to analyze it in the first instance.

3. We **VACATE** the portion of the district court's July 26, 2021 order dismissing STAM's claims, the September 9, 2021 order dismissing Corporate Plaintiffs' claims, and the September 9, 2021 final judgment. We **REMAND** for consideration consistent with this memorandum.[2]

**VACATED and REMANDED.** The parties shall each bear their own costs.

---

[2] Plaintiffs filed a "Motion for Judicial Notice" before this court. We grant it to the extent it asks us to notice the existence of public documents on official websites. *City & County of San Francisco v. Garland*, 42 F.4th 1078, 1083 (9th Cir. 2022). We do not endorse Plaintiffs' characterization of these documents or any claims they make in that filing.