**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD D. LONG,

        Plaintiff - Appellee,

   v.

FOSTER WHEELER ENERGY
CORPORATION,

        Defendant - Appellant,

and

3M COMPANY, et al.,

        Defendants.

No. 24-1557

D.C. No.
3:23-cv-01325-AR

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Argued and Submitted February 4, 2025
Phoenix, Arizona

Before: HAWKINS, BYBEE, and BADE, Circuit Judges.

---

    \*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiff-Appellee Richard Long sued fifty-one defendants in Oregon state court for manufacturing asbestos-containing products that allegedly caused him to develop malignant pleural mesothelioma. After discovery revealed that Long was present on Navy ships, defendant Foster Wheeler Energy Corporation (Foster Wheeler) removed Long's case to federal court under 28 U.S.C. § 1442, the federal officer removal statute. Long filed a motion to remand his case to Oregon state court. The district court granted Long's motion to remand, and Foster Wheeler appealed. We have jurisdiction under 28 U.S.C. § 1447(d), and we affirm.

1.     Foster Wheeler bears the burden of establishing that "a causal nexus [exists] between federally directed conduct and [Long's] claims." *See Doe v. Cedars-Sinai Health Sys.*, 106 F.4th 907, 913 (9th Cir. 2024). Because Long has disclaimed, with respect to his claims against Foster Wheeler, "causes of action for any exposures of any kind to asbestos dust while [he] was working on Navy vessels," and separately stated that "the only exposure evidence [he] will discuss will be the exposures on civilian ships, not Navy ships, not Coast Guard ships, not current civilian ships that were commissioned by the military," Long does not challenge any "act that [Foster Wheeler] contends it performed under the direction of the Navy" or other military branch. *See Leite v. Crane Co.*, 749 F.3d 1117, 1124 (9th Cir. 2014). Consequently, no "causal nexus exists between [Long's] claims and the actions [Foster Wheeler] took pursuant to a federal officer's direction." *Id.* at 1120. The

2

district court did not err in concluding that it lacked jurisdiction over Long's claims under 28 U.S.C. § 1442.

2.     Foster Wheeler also argues that the district court should have denied Long's motion to remand because it had admiralty jurisdiction over Long's claims. But the "saving to suitors" clause of 28 U.S.C. § 1333(1) forbids district courts from retaining improperly removed cases based off admiralty jurisdiction. "[W]hen a plaintiff brings a maritime cause of action against a person in state court, a federal court lacks admiralty jurisdiction over that claim. In order to remove such a claim to federal court, the defendant must assert some other basis of jurisdiction, such as diversity jurisdiction." *County of San Mateo v. Chevron Corp.*, 32 F.4th 733, 763 (9th Cir. 2022) (internal citation omitted). The district court did not err in concluding that it lacked admiralty jurisdiction over Long's claims.

**AFFIRMED**.