NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WASHINGTON DEPARTMENT OF HEALTH,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>Defendant - Appellant. | No. 24-5880<br><br>D.C. No.<br>3:24-cv-05639-BHS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted August 12, 2025
Seattle, Washington

Before: HAWKINS, McKEOWN, and WARDLAW, Circuit Judges.

The Washington State Department of Health ("Department") sued The GEO

Group, Inc. ("GEO Group"), seeking an injunction to restrain GEO Group from

refusing the Department entry to the Northwest Immigration and Customs

Enforcement Processing Center ("Immigration Center"), a private detention facility

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

that GEO Group owns and operates. Following numerous complaints about facility conditions, the Department sought to perform health-and-safety-related inspections of the Immigration Center, pursuant to its authority under state law. On July 18, 2024, Department employees were denied entry to the Immigration Center, catalyzing this suit.

GEO Group removed the case to federal court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). The district court remanded the action to state court. GEO Group appeals that remand order, arguing that its federal defenses require that the action be heard in federal court. We have jurisdiction pursuant to 28 U.S.C. § 1447(d). *DeFiore v. SOC LLC*, 85 F.4th 546, 554 (9th Cir. 2023). We review de novo the district court's order to remand. *Casola v. Dexcom, Inc.*, 98 F.4th 947, 953 (9th Cir. 2024). We reverse and remand for an evidentiary hearing regarding the derivative immunity defense and direct-regulation defenses, and affirm as to the discrimination, field preemption, and conflict preemption defenses.

The burden of establishing that a defense is colorable "rests upon the party asserting jurisdiction"—here, GEO Group. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation omitted). For asserted defenses that are subject to factual as well as facial attack, GEO Group bears the burden of proving by a preponderance of the evidence that the defenses are factually supported. *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 684 (9th Cir. 2022); *see also Leite v.*

*Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir. 2014) (distinguishing between facial and factual attacks). For those defenses that are subject only to facial attack, we ask whether each asserted defense is "wholly insubstantial and frivolous." *DeFiore*, 85 F.4th at 560 (citation omitted).

The Department raises several disputes of material fact, including the scope of its request for access; the scope of the authority of the relevant United States Immigration & Customs Enforcement ("ICE") employee over access to the facility; the scope of GEO Group's authority over access to the facility; and the mechanics of the denial itself—whether the ICE employee directly denied entry to the Department, or whether the ICE employee instructed GEO Group to deny entry. These issues are relevant to GEO Group's asserted defenses of derivative sovereign immunity and the direct-regulation theory of intergovernmental immunity. Under the preponderance-of-the-evidence standard, we conclude that the record contains conflicting statements regarding the denial of access. Without clarity about what happened and who had authority to do what, it is difficult to say whether these two defenses are colorable. We therefore remand to the district court for an evidentiary hearing.

Derivative sovereign immunity requires that the government "specifically authorized" the actions in question. *Nwauzor v. GEO Grp., Inc.*, 127 F.4th 750, 770 (9th Cir. 2025). To confer immunity, informal direction must constitute

*government* direction. *See Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 168 (2016), *as revised* (Feb. 9, 2016) (characterizing the relevant instructions as the government's instructions). Otherwise, the "action of the agent" is not "the act of the government." *See Yearsley v. W.A. Ross Const. Co.*, 309 U.S. 18, 22 (1940). Similarly, a direct-regulation defense requires that the state law replace "federal . . . standards" or override "federal decisions as to necessary . . . measures." *Boeing Co. v. Movassaghi*, 768 F.3d 832, 840 (9th Cir. 2014).

GEO Group's argument rests on three purported federal directives: its written contract with ICE, a policy document governing its relationship with ICE, and the verbal directive of the ICE employee. The federal contract and policy document mandated GEO Group's compliance with state law. State law required that all facilities be open to the Department's inspections. These documents cannot support an argument that the denial of entry was mandated by the federal government.

The ICE employee's verbal directive, however, is a different story. It is not clear from the record which GEO Group actions, if any, the ICE employee's denial "specifically authorized." *Nwauzor*, 127 F.4th at 770. The parties dispute the mechanics of the denial. The Department contends that the ICE employee instructed GEO Group to deny the Department employees access, or else that ICE and GEO Group denied access together. GEO Group counters that the ICE

employee himself denied the Department employees access. Even under the first version of events—which is, curiously, the Department's—it is also not clear whether the ICE employee was acting within the scope of ICE's authority when he instructed GEO Group to deny access to Department employees, or whether he was acting *ultra vires*, that is, beyond "the powers delegated to him by the sovereign." *Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 693 (1949); *see also Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 157 (2007) (explaining that only "delegation of authority"—not "regulation"—can authorize removal under § 1442). Nor is it clear what authority ICE contracted away, what authority it retained, and for whom. These uncertainties implicate both the derivative immunity and direct-regulation defenses. The district court should consider them on remand.

We affirm the district court as to GEO Group's other asserted defenses, which are subject only to facial attack. These defenses fail to clear the low bar of frivolity.

The discrimination defense was not argued with particularity below or on appeal and so has been forfeited. *See County of San Mateo v. Chevron Corp.*, 32 F.4th 733, 763 n.23 (9th Cir. 2022).

The field-preemption defense is without merit. The presumption against preemption applies where, as here, the state regulation falls within an area of

historic state power. *Knox v. Brnovich*, 907 F.3d 1167, 1174 (9th Cir. 2018). GEO Group has failed to demonstrate a "clear and manifest purpose of Congress" to supersede state law, as required to overcome the presumption. *United States v. California*, 921 F.3d 865, 885–86 (9th Cir. 2019) (citation omitted). The relevant contract and policy documents evince the intent of the federal government to require GEO Group's compliance with state health-and-safety laws. *See GEO Grp., Inc. v. Inslee*, 2025 WL 2396498, at *7 (9th Cir. Aug. 19, 2025) ("The contract explicitly orders GEO [Group] to comply with obligations imposed under state law, even when those obligations are more demanding than those imposed under federal law.").

The conflict preemption defense also fails. Compliance with the relevant federal contract and policy, as well as state law, was clearly possible. *See Fla. Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 143 (1963). GEO Group has pointed to no authority suggesting that an ICE employee's verbal directive carries preemptive effect in the absence of any indication of Congressional intent that it should.

The parties shall bear their own costs on appeal.

**REVERSED and REMANDED in part; AFFIRMED in part.**