**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RONALD WILSON,
        *Plaintiff-Appellant,*

        v.

KAYO OIL COMPANY, doing
business as 76 Circle K #5250;
TED KOBAYASHI, successor trustee
of the Walsh Trust Agreement U/
D/T dated 5/7/86,
        *Defendants-Appellees.*

No. 07-56765

D.C. No.
CV-06-01035-BEN

RONALD WILSON,
        *Plaintiff-Appellant,*

        v.

KAYO OIL COMPANY, doing
business as 76 Circle K #5250;
TED KOBAYASHI, successor trustee
of the Walsh Trust Agreement U/
D/T dated 5/7/86,
        *Defendants-Appellees.*

No. 08-55444

D.C. No.
3:06-cv-01035-
BEN-AJB

OPINION

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted April 16, 2009*
Pasadena, California

*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

Filed April 24, 2009

Before: Barry G. Silverman and Consuelo M. Callahan, Circuit Judges, and Richard Mills,** District Judge.

Per Curiam Opinion

---

**The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

## COUNSEL

Lynn Hubbard III and Scottlynn J. Hubbard IV, Chico, California, and Fred Isaacs, Lake Oswego, Oregon, for the plaintiff-appellant.

Stephen Thomas Erb, San Diego, California, for the defendants-appellees.

## OPINION

PER CURIAM:

Plaintiff Ronald Wilson appeals the district court's: (1) dismissal of his suit against Defendant Kayo Oil Company for lack of standing; and (2) entry of monetary sanctions against Wilson and his counsel. We have jurisdiction under 28 U.S.C. § 1291, and we reverse for the following reasons.

[1] "Standing is a question of law that we review de novo." *Salmon Spawning & Recovery Alliance v. Gutierrez*, 545 F.3d 1220, 1224 (9th Cir. 2008). "Allegations that a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent." *Doran v. 7-Eleven*, 524 F.3d 1034, 1041 (9th Cir. 2008). Here, Wilson makes these minimal allegations, and therefore survives a facial attack on standing. *See id.* at 1041 ("Notwithstanding the [500-mile] distance between Doran's home and the 7-Eleven, there is an actual and imminent threat that, during his planned future visits to Anaheim, Doran will

suffer harm as a result of the alleged barriers.").[1] Because the district court "relie[d] solely on undisputed facts or on facts as they are represented by" Wilson, we express no opinion on whether Wilson's allegations would survive a factual attack.

We "review the district court's entry of sanctions for abuse of discretion." *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1130 (9th Cir. 2008). "A district court abuses its discretion in imposing sanctions when it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th Cir. 2007) (internal quotation marks omitted).

**[2]** Here, the district court concluded that Wilson and his counsel committed nine sanctionable acts. With respect to seven of these acts,[2] Wilson was not given "sufficient, [particularized,] advance notice of exactly which conduct was alleged to be sanctionable." *See In re DeVille*, 361 F.3d 539, 549 (9th Cir. 2004). However, the district court's order to show cause did indeed notify Wilson and his counsel that they needed to demonstrate that they did not file this ADA case in bad faith or for oppressive reasons. Both of these allegedly sanctionable acts rely on the same lynchpin: that Wilson filed his suit knowing that he did not have standing. As discussed above, the district court's standing decision is contrary to our decision in *Doran*, 524 F.3d at 1041. Accordingly, we reverse the district court's sanctions order.

Finally, we decline Wilson's request to reassign his case to

---

[1]In fairness to the district judge, we note that *Doran* had not yet been decided when the motion for summary judgment was before him.

[2]These seven acts are: (1) exaggerating the extent of Wilson's disability; (2) Wilson's alleged misrepresentations; (3) Wilson's attorneys' alleged misrepresentations; (4) violating an attorney's duty of candor; (5) violating the local rules; (6) intentionally omitting dates in the Complaint; and (7) raising a legal theory not advanced previously.

a different judge on remand. *See Mendez v. County of San Bernardino*, 540 F.3d 1109, 1133 (9th Cir. 2008).

REVERSED and REMANDED.