**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN WHITAKER, | No.    20-55235 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-09676-DSF-SS |
| v. | |
| PANAMA JOES INVESTORS LLC, a California Limited Liability Company, | MEMORANDUM<sup>*</sup> |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted November 10, 2020<sup>**</sup>
Pasadena, California

Before:  PARKER,<sup>***</sup> CHRISTEN, and WATFORD, Circuit Judges.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Barrington D. Parker, Jr., Senior United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Brian Whitaker appeals the district court's order granting defendant Panama Joe's' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and Rule 12(b)(6).[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. Though we disagree with the district court's ruling that Whitaker lacked standing, we affirm the dismissal of Whitaker's complaint for failure to state a claim upon which relief can be granted. Because the parties are familiar with the facts, we recite only those necessary to resolve this appeal.

We review de novo, *Wilson v. Kayo Oil Co.*, 563 F.3d 979, 980 (9th Cir. 2009) (quoting *Salmon Spawning & Recovery Alliance v. Gutierrez*, 545 F.3d 1220, 1224 (9th Cir. 2008)), and construe standing in civil rights complaints broadly, *see Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 209 (1972). On a facial attack to the court's subject matter jurisdiction, "[a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citation omitted).

---

[1] The briefing refers to both "Panama Joes" and "Panama Joe's." We refer to defendant as "Panama Joe's" because this is consistent with the spelling defense counsel used in the district court.

Whitaker's complaint included claims for violations of Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181–12189, and the Unruh Civil Rights Act, Cal. Civ. Code §§ 51--53.  We conclude his complaint met the threshold for alleging injury-in-fact to pursue his ADA claim; i.e., he successfully alleged his injury was concrete and particularized, and actual or imminent rather than conjectural or hypothetical.  *See D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1036 (9th Cir. 2008) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Whitaker alleged that he uses a wheelchair for mobility and that he visited defendant's restaurant.  The complaint alleged the restaurant "failed to provide accessible dining surfaces"—a barrier he personally encountered—and that the restaurant "currently fail[s] to provide accessible paths of travel in the patio area" and "accessible restrooms."  The district court determined that the complaint was insufficient because it did not allege which dining surfaces were inaccessible, nor how they were inaccessible, nor what ADA Standards for Accessible Design (ADAAG) requirement they violated.

Allegations that a plaintiff suffered discrimination because he confronted at least one specific barrier relating to his disability satisfy the requirement to show a concrete and particularized injury for standing to pursue an ADA claim.  *See*

3

*Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc). *Chapman* involved a plaintiff who failed to allege that he encountered any specific barrier. Instead, Chapman attached an expert's accessibility survey to his complaint and generally alleged that he encountered unspecified barriers. *Id.* at 954. In that context, we explained that a complaint advancing an ADA claim must allege that the plaintiff encountered at least one barrier related to plaintiff's disability and allege how that barrier affected his disability "so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement." *Id.* Here, Whitaker's allegations sufficed to allege a concrete and particularized injury. *See id.* Contrary to the district court's suggestion, citing specific ADAAG guidelines is not required. *Id.* Taking these allegations at face value and drawing the inferences in Whitaker's favor, these allegations sufficiently demonstrated a concrete and particularized injury.

Whitaker also sufficiently alleged that his injury was actual and imminent. "Allegations that a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008) (citing *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002)). An allegation that the plaintiff is currently

4

deterred from visiting a facility because he is aware of discriminatory conditions there suffices to demonstrate an imminent injury for purposes of surviving a motion to dismiss pursuant to Rule 12(b)(1). *See Civil Rights Ed. & Enforcement Ctr. v. Hospitality Properties Trust*, 867 F.3d 1093, 1101 (9th Cir. 2017). Whitaker plausibly alleged that he encountered a discriminatory barrier, that he intends to return to the restaurant to avail himself of its services and determine if it complies with the ADA, and that he is currently deterred from doing so because of the barrier he encountered. Mindful of the Supreme Court's instruction to broadly construe standing in civil rights cases, *Trafficante*, 409 U.S. at 209, and construing the facts in the light most favorable to Whitaker, we conclude Whitaker's complaint adequately alleged an injury-in-fact that was concrete and particularized, and actual or imminent. Whitaker also adequately alleged traceability and redressability.

Nevertheless, we agree with the district court that the complaint failed to state a claim for which relief may be granted. *See Whitaker v. Tesla Motor Corp.*, No. 19-56497, — F.3d — (9th Cir. 2020); Fed. R. Civ. P. 12(b)(6). The complaint was primarily based on legal conclusions, and lacked the requisite specificity to survive a challenge pursuant to Rule 12(b)(6). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). A

5

complaint must contain sufficient allegations of underlying facts to give fair notice and allow the opposing party to defend itself, and it must "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). As the district court observed, the complaint did not allege facts identifying the specific deficiencies in the dining surfaces that prevented Whitaker from fully accessing the restaurant. Nor did it describe how the restrooms were inaccessible or which paths of travel in the patio area were inaccessible. Because Whitaker's complaint lacked factual allegations putting Panama Joe's on notice of his claims, it failed to satisfy the *Iqbal/Twombly* standard.[2]

**AFFIRMED.**

---

[2] Because Whitaker did not adequately allege a violation of the ADA, he necessarily has not adequately alleged a violation of the Unruh Civil Rights Act. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007) (citing Cal. Civ. Code § 51(f)).