**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN WHITAKER, | No. 20-55228 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-08781-AB-E |
| v. | |
| BODY, ART AND SOUL TATTOOS LOS ANGELES, LLC, a California limited liability company, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted November 10, 2020**
Pasadena, California

Before: PARKER,*** CHRISTEN, and WATFORD, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Barrington D. Parker, Jr., Senior United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Brian Whitaker appeals the district court's order granting defendant Body, Art and Soul Tattoo's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse the district court's ruling on standing, but determine the complaint was subject to dismissal pursuant to Rule 12(b)(6) because Whitaker failed to state a claim upon which relief can be granted. The parties are familiar with the facts, so we recite only those necessary to resolve the appeal.

We review de novo, *Wilson v. Kayo Oil Co.*, 563 F.3d 979, 980 (9th Cir. 2009) (quoting *Salmon Spawning & Recovery Alliance v. Gutierrez*, 545 F.3d 1220, 1224 (9th Cir. 2008)), and construe standing in civil rights complaints broadly, *see Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 209 (1972). On a facial attack to the court's subject matter jurisdiction, "[a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citation omitted).

Whitaker's complaint included claims for violations of Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181–12189, and the Unruh Civil Rights Act, Cal. Civ. Code §§ 51–53. He alleged that defendant

2

"failed to provide accessible sales counters," and this failure caused him "difficulty and discomfort" in his visit to defendant's establishment. The district court relied on *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011) (en banc), to rule that Whitaker failed to allege standing to pursue his claims. Specifically, the court reasoned that Whitaker's complaint did not include allegations explaining how the counters prevented him from full and equal enjoyment of the facility.

*Chapman* involved a plaintiff who failed to allege that he encountered any specific barrier. Instead, Chapman attached an expert's accessibility survey to his complaint and generally alleged that he encountered unspecified barriers. *Id.* at 954. In that context, we explained that a complaint advancing an ADA claim must allege that the plaintiff encountered at least one barrier related to plaintiff's disability and allege how that barrier affected his disability "so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement." *Id.*

In contrast, Whitaker's complaint alleged that he uses a wheelchair for mobility, that he visited the defendant's premises, that he personally encountered an identified barrier related to his disability—inaccessible sales counters—and that the barrier deterred him from returning. Whitaker's identification of a specific barrier distinguishes his complaint from the complaint at issue in *Chapman*. *Id.*

Mindful of the Supreme Court's instruction to broadly construe standing in civil rights cases, *Trafficante*, 409 U.S. at 209, and construing the facts in the light most favorable to Whitaker, we conclude the complaint adequately alleged that Whitaker personally suffered an injury-in-fact that was concrete and particularized, and actual or imminent. The problem presented by the vague nature of the complaint's allegations is more properly described as a failure to meet the standard required by Rule 12(b)(6).

In keeping with our opinion in *Whitaker v. Tesla Motor Corp.*, No. 19-56497, — F.3d — (9th Cir. 2020), we conclude that Whitaker's complaint failed because it is primarily based on legal conclusions, and lacks the requisite specificity to satisfy *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).[1] A complaint must contain sufficient allegations of underlying facts to give fair notice and enable the opposing party to defend itself effectively, and it must "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be

---

[1] We have discretion to decide purely legal questions if resolution of the issue is clear on appeal. *See Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir. 2003) (per curiam) (providing that this Court may "affirm a district court's judgment on any ground fairly supported by the record" (citation omitted)); *Whitaker v. Tesla Motor Corp.*, No. 19-56497, — F.3d — (9th Cir. 2020).

subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Whitaker's complaint did not allege facts identifying the specific deficiencies in the sales counters that prevented him from fully accessing the defendant's services. Accordingly, the complaint failed to state a claim for which relief can be granted.[2]

**REVERSED IN PART AND AFFIRMED ON ALTERNATE GROUNDS.**

Appellant to bear costs.

---

[2] Because Whitaker did not adequately allege a violation of the ADA, he necessarily has not adequately alleged a violation of the Unruh Civil Rights Act. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007) (citing Cal. Civ. Code § 51(f)).